# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| Stalin El "c/o Brandon Tyrone Jones," | ) | CASE NO. 1: 24 CV 526 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | |
| | ) | <u>Memorandum of Opinion and Order</u> |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## Background

*Pro se* Plaintiff Stalin El "c/o Brandon Tyrone Jones" has filed an *in forma pauperis* civil complaint in this case against the Social Security Administration (or "SSA"). (Doc. No. 1.) Plaintiff's complaint does not set forth clear allegations or legal claims. In his complaint, he states he is "an individual and 'non resident' to the 'residency' of the 14th Amendment" and that on or about March 18, 2024, he was the "victim of personal injuries including fraud, tyranny, slander, defamation of character, and emotional distress." (*Id.* at 1, ¶¶ 1, 3.) As support, he simply alleges that "[a]round 3PM towards closing time Social Security Administration staff and supervisor illegally submitted fraud information without [his] consent" and that his "status as Non-Citizen National has been compromised by their office and reduced to U.S. Citizenship when [he] should be a 'Private Party.'" (*Id.* at 1, ¶¶ 4, 5.)

For relief, he seeks "$10,000,000.00 USD   as stated on UCC Financing Statement Addendum. Non Pro Tunc!" (*Id.* at 2, ¶ 10.)

## Standard of Review and Discussion

*Pro se* complaints are construed liberally and held to less stringent standards than formal pleadings drafted by lawyers, *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), but "the lenient treatment generally accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). *Pro se* plaintiffs must still meet basic pleading requirements, and courts are not required to "conjure allegations on [their] behalf" or create claims for them. *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001).

District courts are expressly required, under 28 U.S.C. § 1915(e)(2)(B), to review all *in forma pauperis* complaints filed in federal court, and to dismiss before service any such action that the court determines is frivolous or malicious, fails to state a claim on which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). [To survive a dismissal for failure to state a claim, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id.* (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), for determining a motion to dismiss under Fed. R. Civ. P. 12(b)(6) governs dismissals for failure to state a claim under § 1915(e)(2)(B)).]

Upon review, the Court finds that Plaintiff's complaint must be dismissed. As an agency of the United States, the SSA enjoys sovereign immunity from suit absent consent, and the existence of consent constitutes a prerequisite for jurisdiction. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."); *United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a

-2-

prerequisite for jurisdiction.")

Title 42 U.S.C. § 405(g) contains a limited waiver of the SSA's sovereign immunity, and permits suits challenging final decisions of the SSA in connection with social security eligibility and benefits determinations. *See* 42 U.S.C. § 405(g) (providing that federal court jurisdiction is limited to "affirming, modifying, or reversing [a] decision of the Commissioner of Social Security"). But, Plaintiff's complaint, even liberally construed, does not challenge a final decision of the SSA. In addition, 42 U.S.C. § 405(g) contains no waiver of the SSA's immunity from the torts he asserts in his complaint. *See* 42 U.S.C. § 405(h).

The Federal Tort Claims Act ("FTCA") waives sovereign immunity for certain tort actions committed by employees of the United States. *See* 28 U.S.C. § 1346(b)(1). But even assuming Plaintiff intended to rely upon the FTCA, the SSA cannot be sued directly under the FTCA. Suits under the FTCA must be brought against the United States. *See Langella v. Bush*, 306 F.Supp.2d 459, 463 (S.D.N.Y. 2004) ("Under the FTCA, suit must be brought directly against the United States, and federal agencies are immune from suit."); *Schlesner v. United States*, 246 F.Supp.2d 1036, 1041 n. 2 (E.D. Wis.2003) ("To the extent the plaintiff attempts to assert a claim against the Social Security Administration under the FTCA, such claim must be dismissed for the simple reason that the SSA cannot be sued under the FTCA.").

Further, before a party may bring an action under the FTCA, he must exhaust his administrative remedies by presenting his claim to the proper federal agency and that agency must deny his claim. *See* 28 U.S.C. § 2675(a). Exhaustion of administrative remedies is a jurisdictional prerequisite to suit under the FTCA. *Id.* The claimant must give the agency written notice of his claim that is sufficient to enable the agency to investigate it. *Douglas v.*

-3-

*United States*, 658 F.2d 445, 447 (6th Cir. 1981). There is no suggestion in Plaintiff's complaint that he attempted to exhaust his administrative remedies with respect to a claim under the FTCA.

Accordingly, Plaintiff's complaint does not allege a cogent claim against the SSA as to which the SSA is not immune from suit and upon which he may be granted relief. *See Cikraji v. Messerman*, No. 13 2059, 2014 WL 2965281 (N.D.Ohio June 30, 2014) (dismissing the *pro se* plaintiff's common law claims against the SSA on sovereign immunity grounds).

<b>Conclusion</b>

Based on the foregoing, Plaintiff's motion to proceed *in forma pauperis* (Doc. No. 2) is granted and this complaint is dismissed in accordance with § 1915(e)(2)(B). The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan

PATRICIA A. GAUGHAN
United States District Court Judge

Dated: 4/30/24

-4-